UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JIMMY HEARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:18-CV-34-TAV-DCP |
| | ) |
| RANDY LEE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

The Court is in receipt of this pro se prisoner's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 [Doc. 1], an amended § 2241 petition [Doc. 4], and a second amended petition [Doc. 13], as well as Respondent's motion to dismiss the petition [Doc. 6] and numerous other motions from Petitioner [Docs. 8, 9, 10, 12, 14, and 17]. Petitioner did not file a response to Respondent's motion to dismiss the petition, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. Therefore Petitioner has waived any opposition. E.D. Tenn. L.R. 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), aff'd 577 F.2d 740 (6th Cir. 1978). For the reasons set forth below, this action will be **DISMISSED** without prejudice due to Petitioner's failure to exhaust his available state-court remedies.

In this action, Petitioner, a prisoner of the Tennessee Department of Correction, challenges the legality of a detainer against him filed by Warren County, Kentucky

[Doc. 1 p. 1–4; Doc. 4 p. 1–2].[1] However, before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. Although there is no express statutory exhaustion requirement for a prisoner who properly files under § 2241, the Supreme Court has, in a case where, as here, a state prisoner challenged another state's detainer against him under § 2241, applied the exhaustion doctrine as a "judicially crafted instrument." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–91 (1973).

To fulfill the exhaustion requirement, a state prisoner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365–66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts

---

[1] In his second amended petition, Petitioner seeks to challenge his underlying convictions in Rutherford County, Tennessee [Doc. 13]. These convictions are separate and unrelated to the Kentucky detainer at issue in his original § 2241 petition, and Petitioner has previously filed a petition for relief under § 2254 for these convictions. *See Heard v. McAllister*, No. 3:15-CV-925, 2015 WL 6872583 (M.D. Tenn. Nov. 9, 2015). Therefore, it appears that Petitioner requires permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive petition arising out of these convictions. 28 U.S.C. § 2244(b)(3)(A).

Moreover, under 28 U.S.C. § 2241(d), this Court has discretion to transfer a habeas application to the district court for the district in which the petitioner was convicted, and it will do so here. Petitioner was convicted in Rutherford County, Tennessee, which is within the jurisdiction of the Middle District of Tennessee. 28 U.S.C. § 123(b)(1).

Accordingly, in the interests of justice, judicial economy, and convenience of the parties and witnesses, the Clerk will be **DIRECTED** to send a copy of this memorandum opinion, the accompanying order, and Petitioner's second amended petition [Doc. 13] to the United States District Court for the Middle District of Tennessee, Nashville Division, in accordance with 28 U.S.C. § 2241(d), so that the Middle District Court may transfer the petition to the Sixth Circuit if necessary.

Also, Petitioner's motion to file a second amended petition [Doc. 12] will be **DENIED**.

one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue sua sponte, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

It is apparent from the amended petition and Respondent's motion to dismiss that Petitioner has filed an appeal of the denial of his state-court petition for a writ of habeas corpus challenging the legality of the detainer [Doc. 4 p. 19; Doc. 7 p. 3; Doc. 7-1]. Respondent states that this appeal is still pending, and Petitioner does not dispute this assertion. Further, the Court takes judicial notice that a search of the public case-history database for the Tennessee Court of Criminal Appeals ("TCCA") (https://www2.tncourts.gov/PublicCaseHistory/index.aspx) for case number E2018-00700-CCA-R3-HC, which Respondent states is the case number for Petitioner's state-court appeal of the denial of his habeas petition, establishes that the TCCA has not issued a decision in this case. Thus, the record demonstrates that Petitioner has not exhausted his state-court remedies as required for him to pursue relief under § 2241. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). Accordingly, this § 2241 petition will be **DISMISSED** without prejudice for failure to exhaust available state remedies.[2]

---

[2] *Braden* also permits Petitioner to file his habeas petition in Kentucky, whose detainer he wishes to challenge. 410 U.S. at 488–89. That may be appropriate here given that, like in *Braden*, "his dispute is with the Commonwealth of Kentucky," *id.* at 499, rather than Tennessee.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate the Court's finding that Petitioner has not exhausted his state-court remedies.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

                              s/ Thomas A. Varlan
                              CHIEF UNITED STATES DISTRICT JUDGE